## JONATHAN E. WILLIAMS *vs.* INHABITANTS OF TAUNTON.

In an action of tort against a town for a penalty imposed by statute for neglecting to choose three fishwardens at the annual meeting, a declaration which sets out the whole statute, and alleges that at the annual meeting in a certain year the town neglected to choose three fishwardens, as by the statute it was required to do, need not further allege that it was the duty of the town to make choice of any particular number of fishwardens, or that the statute is still in full force and unrepealed, nor conclude against the form of the statute.

It is no defence to an action for a penalty imposed by statute upon a town for neglect at its annual meeting to choose certain officers, that the old officers would by law hold over until the election of new ones, or that such officers were in fact chosen at a special meeting, called for the purpose, shortly after the annual one.

ACTION OF TORT on *St.* 1855, c. 401, § 9. The declaration recited the whole statute, (the ninth section of which provides that Taunton and certain other towns at their annual meetings in March or April shall each choose three fishwardens; and for a neglect so to choose shall forfeit the sum of one hundred dollars, to the use of any person who shall sue for the same;) and alleged that the annual meeting of the town of Taunton for 1858 was called and held on the 1st, and adjourned to the 27th of March, and then adjourned without day ; that at said annual meeting said town neglected to choose three fishwardens, as by said statute said town was required to do, whereby and by force of the statute it became liable to the penalty.

At the trial in the superior court before *Russell*, J., the plaintiff proved by the record of the annual town meeting for the year 1858 that the usual town officers were chosen, but only one fishwarden, and that the meeting was adjourned without day on the 27th of March. The defendants asked the judge to rule that the plaintiff could not recover on the declaration, because it contained no allegation that it was the duty of the town to make choice of a particular number of fishwardens, or that the statute recited in the declaration remained in full force and unrepealed; or that, at the date of the writ, there was any vacancy in the board of fishwardens; and also because the declaration did not conclude *contra formam statuti.* But the judge ruled that the declaration was sufficient.

The defendants offered a record of the town, showing an election of two fishwardens at a meeting held on the 20th of April 1858, under a warrant dated April 12th, and containing an article for that purpose; and asked the judge to rule that the town might properly, at any time during the months of March or April, choose their fishwardens, and that the choice on the 20th of April was a sufficient choice under the law. But the judge ruled that the choice must be made at the annual meeting in the month of March or April. The verdict was for the plaintiff, and the defendants alleged exceptions.

*C. I. Reed,* for the defendants.

*J. Brown,* for the plaintiff.

MERRICK, J. By making the entire statute of 1855, *c* 401, a part of the declaration, it was with the other averments sufficiently alleged that it was the duty of the defendants to choose three fishwardens at their annual meeting held in the month of March, because it appears by its provisions that they were thereby expressly required to do so. The enactment of the statute being duly alleged, the court will take notice that it remains in force, and an averment to that effect is unnecessary. 1 Greenl. Ev. § 479. Nor is it essential to aver that the omission or failure of the town to elect fishwardens was contrary to the form of the statute. That is an allegation merely formal, and is not required under the provisions of the practice act. None of the forms in the schedule annexed to that act contains any such averment; and it seems clearly to have been the intention of the legislature that all mere formal allegations, although required by the rules of pleading at common law, should thereafterwards under it be dispensed with, and omitted as useless and immaterial. *St.* 1852, *c.* 312.

The statute regulating the fisheries in Taunton Great River is distinct and express in its provisions, that the several towns therein enumerated shall choose at their respective annual meetings, to be held in the month of March or April in each year, three fishwardens. It cannot therefore be of any con sequence, in reference to the question of the liability of any one of those towns to a fine and forfeiture by reason of failure

or omission to make such choice, that the old or former fish-
wardens hold over until others are elected to take their place,
or that there is in fact no vacancy in the office.   The liability
is made to depend exclusively upon the omission or neglect to
perform a certain and prescribed duty at or within a particular
and specified time, and not at all upon the occurrence of any
contingency by which a vacancy in the office may be occa-
sioned.

The authority conferred and the duty imposed upon towns,
in relation to the choice of fish wardens, is limited and precise.
Three are to be elected by ballot at the annual meeting to be
held either in the month of March or the month of April.
This right cannot be exercised nor the duty performed at any
other time.   The choice therefore of fishwardens by the de-
fendants at the special meeting called and held for that pur-
pose on the 20th of April, after the annual meeting had been
held and adjourned without day, was wholly unauthorized and
ineffectual, and could not relieve them from the consequences
resulting from a previous omission or failure to perform the
positive duty imposed by law, and to which, under a prescribed
penalty for neglect, they are expressly made subject.

*Exceptions overruled.*